| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| In Re:<br><br>Jeffrey Allen Roberts,<br><br>Debtor. | Case No.:   14-25083-ABA<br><br>Adv. No.:   25-01299-ABA |
| Jeffrey Allen Roberts, Plaintiff<br><br>v.<br><br>Firstmark Services, PNC Bank, Wells Fargo & Company, Earnest Operations, LLC, American Educations Services,  Defendants. | Chapter:   7<br><br>Judge:   Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

Before the court is a Motion Dismiss Earnest Operations, LLC as a Defendant or in the Alternative, for Summary Judgement dismissing Earnest Operations, LLC as a Defendant (the "Motion"), Doc. No. 5, filed by Defendant Earnest Operations, LLC ("Earnest"). The Plaintiff/Debtor, Jeffrey Allen Roberts ("Debtor"), commenced this Adversary Proceeding by filing a complaint to recover damages for alleged violations of the discharge injunction pursuant to section 524 of the Bankruptcy Code, 11 U.S.C. § 524 (the "Complaint"). Doc. No. 1. For the reasons that follow, the court finds that pursuant to Fed.R.Civ.P. 12(b)(6) the Complaint fails to state a claim upon which relief can be granted as to Earnest, amendment to the Complaint would be futile, and Defendant's Motion is granted as a post-discharge refinanced non-dischargeable debt does not violate the discharge injunction.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(I) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

The Debtor filed a voluntary chapter 7 petition for relief on July 24, 2014, Bankr. Case No. 14-25083 (the "Main Case") and received a discharge of eligible debts on December 5, 2014 (the "Discharge Order"). Doc. No. 20 in the Main Case.[1] The Main Case was closed on December 11, 2014.

The Debtor reopened the Main Case on June 24, 2025 for the purpose of commencing this Adversary Proceeding. Doc. Nos. 31 and 37 in the Main Case. On July 21, 2025, the Complaint was filed. On August 20, 2025, Earnest filed its Motion. The return date for the Motion was September 16, 2025. Debtor filed opposition to the Motion. Doc. No. 6.

The court conducted its hearing on the Motion on September 16, 2025. Counsel to Earnest appeared. The Debtor did not. The court took the matter under advisement. The record is closed. This matter is now ripe for disposition.

## RELEVANT FACTS

The Debtor filed a chapter 7 petition. Complaint ¶¶4. "At the time of Debtor's bankruptcy filing, Debtor had student loan obligations . . ." Complaint ¶17. The Debtor did not file any Adversary Proceedings seeking the dischargeability of any debts – including his student loans. *See generally* Main Case docket. The Debtor received the Discharge Order[2] in his case. Complaint ¶11. The Main Case was closed. Complaint ¶12.

Thereafter, the student loans were refinanced through Earnest in 2024. Complaint ¶19. On April 26, 2024, the Debtor entered a Refinance Education Loan with Earnest and the funds were dispersed on or about May 6, 2024. Doc. No. 5, ¶4. The Debtor stopped paying Earnest on the refinanced loan. Complaint ¶24.

## DISCUSSION

The Debtor argues that despite receiving the Discharge Order, the student loans have since been improperly collected by, *inter alia*, Earnest. Complaint ¶¶19 and 20. The Debtor also now claims the loans were non-qualified education loans that did not meet the criteria for exemption 11 U.S.C. § 523(a)(8) because the loans were not certified by an educational institution; the funds were disbursed directly to Debtor, not to a school; and the loan amounts exceeded the cost of attendance and were used for non-educational expenses. Complaint ¶18. Because of this, the

---

[1] "A bankruptcy court may take judicial notice of the docket of the main case in an adversary proceeding." *In re Flickinger,* No. 1:09-BK-08739MDF, 2010 WL 3431659, at *2 (Bankr. M.D. Pa. Aug. 30, 2010) (citing *In re Di Vittorio,* 430 B.R. 26 (Bankr.D.Mass.2010)); Federal Rule of Evidence 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[2] Interestingly, the Discharge Order clearly states: "**Debts that are Not Discharged.** . . . d. Debts for most student loans". *See* Doc. No. 20., p.2.

Debtor asserts that Earnest has violated the injunction provided for by the Discharge Order by refinancing and collecting, an otherwise discharged debt. *See generally* the Complaint.

Earnest argues: 1) a post-petition consolidation loan is not subject to discharge; 2) there has been no determination that the educational loan debt in question was discharged by the general discharge in 2014; and 3) the Debtor is barred through the doctrine of laches and ripeness, as the Debtor brought suit more than 10 ½ years after the date of his general discharge and evidence relative to any determination of discharge is likely stale, destroyed or unattainable.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). In lieu of dismissing a case, the court can alternatively instruct a plaintiff to amend their complaint unless of course, amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)

### 1. It is the Debtor's Burden to Seek Nondischargeability of a Student Loan

11 U.S.C. §523 provides, in relevant part,:

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title *does not discharge an individual debtor* from any debt—
> . . .
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>
> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

>> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual; . . .

11 U.S.C.A. § 523(a)(2)(8) (West) (emphasis added). Consequently, Congress places "the burden upon the debtor, not the creditor, to bring an action to dispute the nondischargeability of an educational loan, for such loans are 'nondischargeable by operation of law until the debtor seeks and receives a determination to the contrary.'" *In re Clarke*, 266 B.R. 301, 306 (Bankr. E.D. Pa. 2001) (*citing Lester E. Cox Medical Centers v. Penn (In re Penn)*, 262 B.R. 788, 789 (Bankr.W.D.Mo.2001)). "If [debtors] do not [seek a determination], there may simply be uncertainty regarding whether the loan is discharged. Such uncertainty is precisely what Congress intended to dispel when it made § 523(a)(8) self-effectuating. An educational loan is and remains nondischargeable, as a matter of law, until a debtor seeks and receives a determination to the contrary" *Id*. at 308. *See also In re Andersen*, 179 F.3d 1253, 1258 (10th Cir.1999) (educational loans are presumptively nondischargeable); *In re Penn*, 262 B.R. 788, 791 (Bankr. W.D. Mo. 2001) ("student loans are presumed nondischargeable, and the debtor must seek an affirmative determination that student loan obligations are discharged").

Here, the Debtor did not previously bring an adversary proceeding to determine dischargeability of the student loans. Under section 523(a)(8), the Debtor was required to do so and also prevail in that adversary proceeding - or that student loan debt is nondischargeable as a matter of law. Until now, the Debtor brought no such action. Contrary to the allegations in his Complaint, the student loans *were not discharged*. In the end, the debt has not been discharged and so Earnest has not and could not have violated the Discharge Order. There can be no cause of action in this regard and, any amendment to the Complaint would be futile as the facts and applicable law *cannot* be changed. Hence, the Debtor has failed to state a claim against Earnest, upon which relief can be granted in this court, warranting a granting of the Motion.

> **2. A Determination Now That the Original Student Loans Are Dischargeable Has No Impact on The Debtor's Post-Petition or Post-Discharge Obligation to Earnest.**

Even if the court now discharged the original student loans, the determination would have no effect on the consolidation loan with Earnest, as that agreement is a new post-petition debt. When a debtor consolidates pre-petition student loans after the date of discharge, the resulting new obligations are post-petition debts that cannot be discharged. *In re Xiao*, No. 22-11540 (JLG), 2025 WL 2498023, at *10 (Bankr. S.D.N.Y. Aug. 30, 2025) ("The principle is straightforward: a discharge under section 727 can only affect debts that existed as of the commencement of the bankruptcy case. It does not reach forward to discharge obligations that the debtor voluntarily undertook after seeking bankruptcy protection"); *In re McBurney*, 357 B.R. 536, 538-39 (9th Cir. B.A.P. 2006) (adopting the view that a post-petition consolidation student loan is a new, distinct loan, extinguishing prepetition loan debts). *See also In re Grubin*, 476 B.R. 699, 709 (Bankr. E.D.N.Y. 2012) ("It is settled that, where a debtor incurs student loan debt pre-petition, but then

enters into a post-petition agreement to consolidate that debt, the consolidation agreement extinguishes the pre-petition debt and gives rise to new, post-petition debt."); *Clarke*, 266 B.R. at 308 ("It cannot be disputed that the Consolidation Loan extinguished the Original Loans").[3]

The Debtor cites to *In re Penland,* 2019 WL 2717120 (Bankr.W.D.N.C. 2019) to support his proposition that creditors cannot circumvent discharge injunctions through refinancing schemes. Doc. No. 6,¶9. The court was unable to locate that case but nevertheless, in light of the overwhelming authority that supports the conclusion that post-petition/post-discharge agreements to consolidate pre-petition debt extinguishes the pre-petition debt and gives rise to new post-petition debt, the court is not persuaded by such a proposition. Certainly, nondischargeable loans can be refinanced post-discharge. *Clarke*, 266 B.R. at 308

The Discharge Order was entered on December 5, 2014. Some nine (9) years later the Debtor voluntarily entered into a separate consolidation agreement with Earnest in April of 2024. The law is clear, when the Debtor entered a post-petition agreement with Earnest to consolidate his debt, the consolidation agreement extinguished the pre-petition debt, and gave rise to new, post-petition debt which is not subject to discharge. The court does not need to opine as to whether the pre-petition student loans were "non-qualified education loans." It is irrelevant as to Earnest.

Because there can be no cause of action as the result of the consolidation agreement extinguishing the pre-petition debt giving rise to a new post-petition debt, any amendment to the Complaint would be futile as the facts and applicable law *cannot* be changed – there simply has been no violation of the Discharge Order warranting relief in this court. Hence, the Debtor has failed to state a claim against Earnest upon which relief can be granted warranting a granting of the Motion.

### 3. Remaining Arguments of Earnest

Having determined that, based upon the foregoing, the Debtor has failed to state a claim against Earnest for which relief can be granted, the court need not address Earnest's arguments that the Debtor is barred through the doctrine of laches and ripeness.

## CONCLUSION

Accordingly, Earnest's Motion to Dismiss is granted. An appropriate order has been entered consistent with this decision.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: September 18, 2025

---

[3] Because of the extinguishment of the underlying pre-petition debt, the court queries whether the Debtor here can sustain a cause of action against the remaining defendants set forth in the Complaint since: 1) the Debtor did not timely object to the nondischargeability of the student loans before the refinance with Earnest; and 2) there is no debt to discharge from those creditors since that debt has been extinguished through the refinanced new obligation owed to Earnest. *Clarke*, 266 B.R. at 309. But that is for another day for the court to decide.