| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br><br>Jeffrey Allen Roberts,<br><br>Debtor. | Case No.:    14-25083-ABA<br><br>Adv. No.:    25-01299-ABA |
| Jeffrey Allen Roberts, Plaintiff<br><br>v.<br><br>Firstmark Services, PNC Bank, Wells Fargo & Company, Earnest Operations, LLC, American Educations Services,  Defendants. | Chapter:    7<br><br>Judge:    Andrew B. Altenburg, Jr.<br><br>Hearing:    October 21, 2025 |

## MEMORANDUM DECISION

Before the court is a *Motion For Relief From Judgement Under Fed.R.Civ. P. 60(b)* (the "Motion"), Doc. No. 19, filed by the Plaintiff/Debtor, Jeffrey Allen Roberts ("Debtor"), whereby the Debtor seeks to set aside *Order Granting Defendant Earnest Operations, LLC's Motion to Dismiss* (the "Dismissal Order"), Doc. No. 16, which Dismissal Order was supported by the court's *Memorandum Decision* (the "Decision"), Doc. No. 15,[1] in this Adversary Proceeding. The Debtor seeks to set aside the Dismissal Order on the basis of excusable neglect and newly discovered evidence. For the reasons that follow, the court finds that relief from the Dismissal Order pursuant to Fed.R.Civ. P. 60(b) is unwarranted as the Debtor has not carried his burden in the Motion that there is a justification to set aside the Dismissal Order and the court's finding that the post-petition refinanced debt owed to Defendant Earnest Operations, LLC ("Earnest") is not dischargeable and/or the collection of it violates the discharge injunction.  The Motion is denied.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

---

[1] The Decision is fully incorporated herein.

## PROCEDURAL HISTORY

The Debtor filed a voluntary chapter 7 petition for relief on July 24, 2014, Bankr. Case No. 14-25083 (the "Main Case") and received a discharge of eligible debts on December 5, 2014 (the "Discharge Order"). Doc. No. 20 in the Main Case.[2] The Main Case was closed on December 11, 2014.

The Debtor reopened the Main Case on June 24, 2025, for the purpose of commencing this Adversary Proceeding, Doc. Nos. 31 and 37, in the Main Case seeking to discharge various student loan obligations and to retroactively hold the creditors involved with the student loan obligations in violation of the Discharge Order for collection efforts relating to the student loan debt after entry of the Discharge Order. On July 21, 2025, the Complaint was filed. On August 20, 2025, Earnest filed its Motion to Dismiss. The return date for the Motion to Dismiss was September 16, 2025. Debtor filed opposition to the Motion. Doc. No. 6.

The court conducted its hearing on the Motion to Dismiss on September 16, 2025, and after taking he matter under advisement, rendered its Decision and entered the Dismissal Order.

In its Decision, the court concluded that because it is/was the Debtor's burden under section 523(a)(8) to seek dischargeability of a student loan and the Debtor failed to previously bring such an adversary proceeding in his case, the student loans were not discharged by the Discharge Order. *See* Decision at 2-4. In addition, the court concluded that even if the court can now discharge the original student loans, the determination would have no effect on the post-petition consolidation loan with Earnest, as the debt with Earnest, is a new *post-petition debt*. Citing overwhelming authority, the court concluded that the consolidation agreement with Earnest extinguished the pre-petition debt, and gave rise to new, post-petition debt which is not subject to discharge. *See* Decision at 4-5. In the end, the debt has not been discharged and consequently, Earnest has not and could not have violated the Discharge Order when it refinanced the debt post-petition and post-discharge and attempted to collect that post-petition debt.

The Debtor then filed the current Motion and Earnest filed a response. Doc. No. 27. The court conducted its hearing on the Motion on October 21, 2025. The Debtor and counsel to Earnest appeared and made argument. At the conclusion of the hearing, the court took the matter under advisement. The record is closed. This matter is now ripe for disposition.

## RELEVANT FACTS

The Debtor filed a chapter 7 petition. Complaint ¶¶4. "At the time of Debtor's bankruptcy filing, Debtor had student loan obligations . . ." Complaint ¶17. At the hearing on October 21, 2025, the Debtor confirmed that the purpose of the loans was that they were to serve as student

---

[2] "A bankruptcy court may take judicial notice of the docket of the main case in an adversary proceeding." *In re Flickinger,* No. 1:09-BK-08739MDF, 2010 WL 3431659, at *2 (Bankr. M.D. Pa. Aug. 30, 2010) (citing *In re Di Vittorio,* 430 B.R. 26 (Bankr .D. Mass. 2010)); Federal Rule of Evidence 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

loans. Indeed, on Schedule J to his petition, the Debtor reflected a monthly expense of $400 for "student loans." Contrary to the Debtor's statement in his opposition to the Motion to Dismiss however, Doc. No. 6, ¶ 4, the Debtor did not list any debt for a creditor that he identified as having student loan claims on his bankruptcy petition or schedules. Consequently, no creditor whose debt was related to the student loan obligations received notice of the Debtor's bankruptcy filing. *See* Main Case Docket Doc. Nos. 1, 10, 13, and 21. What is more, the Debtor did not file any adversary proceedings seeking the dischargeability of any debts, including his student loans, before he received his discharge. *See generally* Main Case docket. The Debtor received the Discharge Order[3] in his case. Complaint ¶11. The Main Case was closed. Complaint ¶12.

Some nine plus (9) years later, the Debtor's student loans were refinanced through Earnest in 2024. Complaint ¶19. On April 26, 2024, the Debtor entered a Refinance Education Loan with Earnest and the funds were dispersed on or about May 6, 2024. Doc. No. 5, ¶4. The Debtor stopped paying Earnest on the refinanced loan. Complaint ¶24.

11 U.S.C. § 523(a)(8) provides in relevant part that a discharge under section 727 of the Bankruptcy Code does *not* discharge an individual debtor from any debt *"unless excepting such debt from discharge* under this paragraph would impose an undue hardship on the debtor . . ." *Id.* (emphasis added). This plain language requires action determining that the debt is dischargeable. A debt does not become discharged just because a debtor says it should be. Rather, it places the burden on a debtor to seek dischargeability of a student loan through the filing of a complaint in an adversary proceeding in their case. Until a determination of dischargeability is made by the court, the debt remains outstanding. Because the Debtor here failed to previously seek a determination that his student loan debt was dischargeable, the student loans remained outstanding and were not discharged at the time of the refinance with Earnest. This fact remains unchanged even if the court were to now find the student loans dischargeable. A determination of dischargeability is required and until that determination, the debt remains status quo.

In the end, there can be no violation of the discharge injunction, if the underlying debt as not been discharged.[4]

DISCUSSION

The Debtor now moves for relief from the Dismissal Order pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(2). Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60(b) generally applicable to bankruptcy cases. *In re Fesq*, 153 F.3d 113,

---

[3] The Discharge Order clearly states: "**Debts that are Not Discharged.** . . . d. Debts for most student loans." *See* Doc. No. 20 at 2.

[4] "Nondischargeable debts are not subject to the discharge injunction. *See Boeing In re Ybarra,* 424 F.3d 1018, 1027 n. 11 (9th Cir. 2005) (so concluding); *In re Diaz,* 647 F.3d 1073, 1088 (11th Cir. 2011) (concluding that "the discharge injunction prohibits collection only with respect to dischargeable debts and does not apply to nondischargeable debts") (internal quotations omitted). "As a result, once a discharge has been granted, holders of nondischargeable debts generally may attempt to collect from the debtor personally for such debts." *In re Lakhany*, 538 B.R. 555, 562 (B.A.P. 9th Cir. 2015) (quoting *Diaz,* 647 F.3d at 1088).

115–16 (3d Cir. 1998). Federal Rule 60(b) provides multiple grounds "for relief from a final judgment, order, or proceeding," *In re Rodriguez,* 521 F. App'x 87, 90 (3d Cir. 2013). Specifically, Federal Rule 60(b) states that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason that justifies relief.

*Hibbard v. Penn-Trafford Sch. Dist.,* 621 F. App'x 718, 722 (3d Cir. 2015), *reh'g denied* (Sept. 8, 2015) (citing Fed. R. Civ. P. 60(b)). This means that a party moving for relief has the burden to establish one of these grounds in order to be entitled to relief from the judgment under Rule 60(b). *See W. End Assocs., L.P. v. Sea Green Equities*, No. CIV. A. 93-3515, 1994 WL 405636, at *2 (D.N.J. Aug. 1, 1994) (internal citations omitted). "The movant has the burden of demonstrating that Rule 60 relief is merited. . . . The burden is heavy. 'Rule 60(b) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Id.* (internal citations omitted).

### 1. Relief Under Federal Rule 60(b)(1)

Citing *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993), the Debtor first argues that his non-appearance on the original date of the Motion to Dismiss was due to his mistaken understanding constituting excusable neglect under rule 60(b)(1) and warranting relief from the Dismissal Order. *See* Debtor's Memorandum of Law in support of this Motion, Doc. No. 19-2, at 2-4. *But*, the Debtor's failure to appear was not the basis for granting the Defendant's Motion to Dismiss. Indeed, *nothing* in the court's Decision indicated that the court ruled the way it did due to the Debtor's failure to appear. To be sure, the court gave absolutely no weight in its decision making process on account of the Debtor's absence when it made its determination that the Motion to Dismiss must be granted.

Instead, the court made its determination on the undisputed facts and law. The Debtor obtained student loans. The Debtor did not previously bring an adversary proceeding to determine dischargeability of the student loans as he was required to do. 11 U.S.C. § 523(a)(8). As such, the student loans were not (and still have not been) discharged. *See In re Irigoyen*, 659 B.R. 1, 4 (B.A.P. 9th Cir. 2024) ("the debtor bears the burden of filing a lawsuit and obtaining a judgment of dischargeability. Otherwise, debts that come within the purview of § 523(a)(8) are automatically nondischargeable, and the lender is not required to obtain a nondischargeability judgment before collecting on the debt post-discharge."). As the court noted in its Decision, it is well settled that Congress placed the burden upon the debtor, not the creditor, to bring an action to dispute the nondischargeability of an education loan, for such loans are nondischargeable as a matter of law, until the debtor seeks and receives a determination to the contrary. *In re Clarke*, 266 B.R. 301, 306 (Bankr. E.D. Pa. 2001). "If [debtors] do not [seek a determination], there may simply be uncertainty regarding whether the loan is discharged. Such uncertainty is precisely what Congress intended to dispel when it made section 523(a)(8) self-effectuating. An educational loan is and

remains nondischargeable, as a matter of law, until a debtor seeks and receives a determination to the contrary" *Id*. at 308. *See also In re Penn*, 262 B.R. 788, 791 (Bankr. W.D. Mo. 2001) ("student loans are presumed nondischargeable, and the debtor must seek an affirmative determination that student loan obligations are discharged"). And, because nondischargeable debts like the student loans here are not subject to the discharge injunction, once a discharge has been granted, holders of nondischargeable debts may collect from a debtor personally for such debts. *In re Lakhany*, 538 B.R. 555, 562 (B.A.P. 9th Cir. 2015) (citations omitted).

Moreover, when a debtor consolidates pre-petition student loans after the date of discharge, the resulting new obligations are post-petition debts that cannot be discharged. The undisputed law is clear. *See* Decision at 2-5. Here, the Debtor entered a post-petition agreement with Earnest to consolidate his debt, the consolidation agreement extinguished the pre-petition debt, and gave rise to new, post-petition debt which is not subject to discharge. The court need not opine as to whether the pre-petition student loans were "non-qualified education loans" and/or were dischargeable. It is irrelevant as to Earnest. The Debtor's absence from the first hearing does not change the result or law here. *Nor would his presence at the hearing changed the court's ultimate conclusion in the Decision* which conclusion was based upon the undisputed facts and applicable law.

The court understands that if the Debtor were present at the first hearing, he would have made the court aware of the case *In re Christoff*, 527 B.R. 624 (B.A.P. 9th Cir. 2015). *Christoff* involved a case where the court ultimately concluded that the student loan was dischargeable under section 523(a)(8). The Debtor jumps to the conclusion in *Christoff* and repeatedly states that as a result of that decision, his debt is discharged. Obviously, this conclusion runs directly contrary to the Bankruptcy Code requirement of requiring an actual determination of dischargeability. More importantly, the reliance on *Christoff* is misplaced because it ignores three significant facts that distinguishes that case from the present case involving Earnest: 1) the *Christoff* debtor, unlike the Debtor here, originally listed the student loan lender on their petition and schedules; 2) an actual adversary proceeding was promptly commenced in the *Christoff* case to determine the dischargeability of the debt; and 3) there was no separate post-petition refinancing with a new entity. And while the first distinction is not necessarily compelling to the court's decision now, the second and third distinctions are since the case law, as noted above, is overwhelmingly clear that unless an adversary proceeding is filed to seek the determination of the dischargeability of the student loan debt, that debt is NOT discharged and collection of and post-petition refinancing of that debt does not violate the discharge injunction. Unlike *Christoff*, until now, the Debtor never sought a determination of the dischargeability of the student loan debt and as such, it was nondischargeable at the time of the loan consolidation with Earnest.

The Debtor's presence at the hearing and/or the *Christoff* case law would not have changed the court's ultimate conclusion in the Decision, which was based upon the *undisputed* facts and law. The Debtor has not overcome his "*high hurdle*" in this regard. *In re Drumm,* 329 B.R. 23, 31 (Bankr. W.D. Pa. 2005) (citation omitted) (emphasis added). Since the Debtor has "not identified any factual or legal error in the court's merit determinations which would justify relief" under Rule 60(b)(1), his Motion under Rule 60(b)(1) fails and the Motion is Denied under this theory. *Lorenzo v. Griffith*, 12 F.3d 23, 27 (3d Cir. 1993).

2. **Relief Under Federal Rule 60(b)(2)**

Next, the Debtor argues he is also entitled to relief under Rule 60(b)(2), incorporated herein by Fed.R.Bankr.P. 9024 due to "newly discovered evidence." Doc. No. 19 at 1. The Debtor argues:

> This Court's footnote 3 specifically inquired why Plaintiff did not seek determination of dischargeability in 2014. Plaintiff now presents evidence directly addressing this inquiry.
> The evidence demonstrates that:
> 1. Plaintiff sought professional legal advice before filing bankruptcy;
> 2. He received advice that student loans were categorically non-dischargeable;
> 3. This advice was consistent with then-existing law, as Christoff had not yet been decided;
> 4. The Court's own notices reinforced this understanding.
> Had this evidence been presented at the September 16 hearing, it would have provided important context for evaluating Plaintiff's claims.

Doc. Nos. 19-1 and 19-2 at 4. Thus, the Debtor admits his student loans were not dischargeable. The Debtor does not deny that he did not file an adversary proceeding to determine the dischargeability of the debt. The Debtor does not deny that his loan consolidation with Earnest transpired post-petition. As to the "newly discovered evidence", the Debtor states: "I only became aware that my student loans might have been dischargeable when I learned about the Christoff decision and similar cases distinguishing between "qualified" and "non-qualified" education loans under 11 U.S.C. § 523(a)(8)." Doc. No. 19-1, ¶10 (referencing *In re Christoff*, 527 B.R. 624 (9th Cir. B.A.P. 2015)). In sum, the new facts that the Debtor's submits as "newly discovered evidence" is that at the time of his bankruptcy filing, counsel advised him that the student loans were nondischargeable and he agreed. And thereafter, *Christoff* was decided which might have made his student loans dischargeable as non-qualified education loans.

The Third Circuit has noted that:

> Under Rule 60(b)(2), the term "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Id.* A party is entitled to new trial only if such evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial.

*Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted). The Debtor "'bears a heavy burden,' . . . which requires 'more than a showing of the potential significance of the new evidence.'" *Id.* (internal citations omitted). Under this standard, the court cannot conclude that the Debtor has met his heavy burden.

Application of the facts here to the elements above demonstrates that relief is not available to the Debtor under Rule 60(b)(2). First, the 'newly discovered evidence' is not at all material to

the court's Decision. The advice from counsel and the Debtor's understanding confirms that the student loan debt was nondischargeable. It has no impact on the fact that the Debtor did not seek a determination of the dischargeability of the debt and that the debt owed to Earnest was a post-petition obligation. Likewise, the subsequent ruling in *Christoff* is not material because this court is not bound by that determination as it is not controlling law in the Third Circuit. Second, surely the Debtor was aware of the existence *Christoff* as it serves as the sole basis for his Complaint now seeking to discharge the student loans as non-qualified student loans. Yet the Debtor presented none of this "evidence" in response to Earnest's original Motion to Dismiss. Finally, as a result of the foregoing, the "newly discovered evidence " would noy have changed the outcome of the Decision. The Debtor's reliance on Footnote 3 of the Decision to support his theory of newly discovered evidence is mislaid because, as noted by Earnest in its Response to the Motion, Doc. No. 27, Footnote 3 was directed to the Debtor's claims against the other Defendants in this matter, something which the court indicated would be taken up another day. It has no impact on the court's finding that the post-petition obligation owed to Earnest by the Debtor as a matter of law is nondischargeable. For all of the reasons set forth in the Decision and Section 1, above, this newly discovered evidence does not change the outcome of the Decision. The student loan debt *was not discharged* and therefore, not subject to the Discharge Order. The student loan debt was refinanced *post-petition* with Earnest and as a *post-petition* obligation, was not subject to the Discharge Order. The Debtor has not met his heavy burden.

Along with all of that, the interpretation of the law set forth in *Christoff* does not constitute newly discovered evidence. *See Miller v. A. Mun. Corp.*, 507 Fed. Appx. 596, 597 (7th Cir. 2013) ("And only new evidence, not new law . . . , justifies relief under Rule 60(b)(2)"); *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2022 WL 2905045, at *2 (D. Ariz. July 22, 2022) ("Notably, new case law does not constitute 'newly discovered evidence' for purposes of Rule 60(b)(2)"); *Burke v. Subia*, No. CIVS060459FCDDADP, 2008 WL 2038043, at *1 (E.D. Cal. May 12, 2008) ("Specifically, new court decisions do not constitute 'newly discovered evidence' under Rule 60(b)(2)"); *Morgan v. U.S.*, No. 7:05-CV-00224, 2006 WL 240780, at *1 (W.D. Va. Jan. 31, 2006), *aff'd in part, appeal dismissed in part*, 178 Fed. Appx. 209 (4th Cir. 2006) ("Discovery of new or additional case law is not a proper ground for relief from judgment under Rule 60(b)"); and *Allen v. Wydner*, No. CIV.A. 06-4299, 2008 WL 2412970, at *6 (E.D. Pa. June 10, 2008) ("Further, the term newly discovered evidence as used in Rule 60(b) (2) applies to 'evidence of fact.' A new case cannot be *factual* evidence as contemplated by Rule 60(b)(2). As the case cited by Petitioner is not evidence, it cannot fall under the newly discovered evidence exception to Rule 60(b)(2).") (internal citations omitted). Because of this, the Debtor has met his heavy burden warranting relief under Rule 60(b)(2).

## CONCLUSION

Accordingly, The Debtor's *Motion For Relief From Judgement Under Fed.R.Civ. P. 60(b)* is DENIED. An appropriate order has been entered consistent with this decision.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: October 23, 2025